UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff*,

vs.                                                 Case No. 97-CR-98 (JPS)

RANDY M. YAGER,

    *Defendant*.

## MOTION FOR PRETRIAL RULING ON ADMISSION
## OF ALLEGED COCONSPIRATOR STATEMENTS

Randy Yager, by his counsel, respectfully moves this Court for an order requiring the government to provide notice of any coconspirator statements it intends to introduce and asks the Court to determine the admissibility of those statements before trial.

In support of this motion, Yager invites the Court's attention to the following:

1.    Under Fed. R. Evid. 801(d)(2)(E), a statement by a party's coconspirator, made during the course and in furtherance of a conspiracy, is not hearsay. Admissibility of such statements, however, must first be determined by

*Federal Defender Services*
*of Wisconsin, Inc.*

the Court pursuant to Fed. R. Evid. 104(a). *Bourjaily v. United States*, 483 U.S. 171, 175 (1987).

2. Such statements may not be admitted until the government provides sufficient evidence to convince the court, by a preponderance of evidence, that (1) a conspiracy existed, (2) the defendant and the declarant were members of the conspiracy, and (3) the statements were made during the course of and in furtherance of the conspiracy. *E.g.*, *United States v. Cox*, 923 F.2d 519, 526 (7th Cir. 1991); *United States v. Santiago*, 582 D.2d 1128, 1134-35 (7th Cir. 1978). "Mere chitchat, casual admissions of culpability, and other noise and static in the information stream are not admissible." *United States v. Pallais*, 921 F.2d 684, 688 (7th Cir. 1990).

3. The preliminary facts relevant to the inquiry must be proven by a preponderance of the evidence. *Bourjaily*, 483 U.S. at 176. The Court can consider the statements themselves in determining whether the government has met this burden of proof. *Id.*; *see United States v. Hooks*, 848 F.2d 785, 795-96 (7th Cir. 1988).

4. The Seventh Circuit has approved a number of procedures which a district court may employ in making the preliminary admissibility determination. The Court, for instance, could admit the statement(s) following a pretrial proffer by the government, "subject to its later determination that, based on all of the evidence

*Federal Defender Services of Wisconsin, Inc.*

admitted at trial, the Government has proved by a preponderance of that evidence all three requisite foundational elements." *Cox*, 923 F.2d at 526, *citing Santiago*, 582 F.2d at 1131. Alternatively,

> the court can rule on each statement as it is elicited based on the evidence the Government has adduced to that point; the court can, even in the absence of a pretrial proffer, conditionally admit the body of co-conspirators' statements subject to the Government's eventual proof of the foundational elements (the penalty for not so proving being a possible mistrial); or the court can hold a "full blown" preliminary hearing to consider all evidence concerning the statement.

*Id*.

5. Although it is within the Court's discretion to admit hearsay conditioned upon subsequent proof by the prosecutor that the required foundation exists, such a procedure runs the risk of requiring a mistrial if such condition is not satisfied. *See, e.g., id.*; *Santiago*, 582 F.2d at 1131. The preferable procedure therefore is to determine admissibility of hearsay statements, such as those of alleged co-conspirators, before the jury hears the evidence. *E.g., id.* The Seventh Circuit has indicated that "a preferable procedure would be to at least require the government to preview the evidence which it believes brings the statements within the co-conspirators rule [before delving into the evidence at trial]." *United States v. Shoffner*, 826 F.2d 619, 630 (7th Cir.), *cert. denied sub nom.*, *Stange v. United States*, 484

U.S. 958 (1987); *see Cox*, 923 F.2d at 526. Yager asks this Court to follow that "preferable procedure."

6.    Yager recognizes that the general practice in this district is to not conduct a hearing or require a proffer before trial. *E.g.*, *United States v. Everett*, 2011 WL 2162790 (E.D. Wis) (Stadtmueller, J.). However, there is good reason for requiring notice and pretrial determination in this case. First, the government has tried this case twice and should be readily able to identify the coconspirator statements it intends to introduce. While it could be said that Yager, by virtue of his access to two trial transcripts, should more easily be able to identify those statements, the problem is that this case involves only one defendant and fewer predicate acts. Thus, this case will not be as broad in scope , and the government presumably will not be using the same evidence. Given the length of the prior trial, it would be difficult for Yager to ascertain which statements the government intends to use here. Given the limited preparation time available, this is simply not feasible.

Second, Yager is concerned about the government trying to introduce statements that are "mere chitchat" and the like that were not in furtherance of the conspiracy. Requiring Yager to object to each of these statements during trial puts the defense at a severe disadvantage. The problems include an inability to make a

complete record, trial disruption and delay, the risk that the jury will blame the defense for delay caused by proper objections, and the risk of mistrial if the government fails to establish a proper foundation later.

Wherefore, Yager asks this Court to direct the government to identify the coconspirator statements it intends to introduce so that objections can be made and heard before trial.

Dated at Milwaukee, Wisconsin this 24th day of April, 2015.

Respectfully submitted,

/s/ *Craig W. Albee*
Craig W. Albee, WI Bar #1015752
FEDERAL DEFENDER SERVICES
 OF WISCONSIN, INC.
517 E. Wisconsin Ave - Rm 182
Milwaukee, WI 53202
Tel.: (414) 221-9900
E-mail: craig_albee@fd.org

*Counsel for Defendant,* Randy M. Yager