**GENERAL INSTRUCTIONS**

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

**1.01 FUNCTIONS OF COURT AND JURY**

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. [I will also give [each of] you a copy of these instructions to use in the jury room.] [Each of you has a copy of these instructions to use in the jury room.] You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the Defendant, Randy Yager, guilty beyond a reasonable doubt [and whether Mr. Yager has proved [insert defense] by a preponderance of the evidence; by clear and convincing evidence].

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. [In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.]

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

Authority:

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 ed.), § 1.01 (Functions of Court and Jury) (unmodified).

Given_____

Refused_____

Modified_____

1

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

## 1.02    THE CHARGE

The charges against Mr. Yager are in a document called an indictment.  [You will have a copy of the indictment during your deliberations.]

The indictment in this case charges that Mr. Yager committed two crimes.

Count One of the Indictment charges Mr. Yager with racketeering, that is, that he knowingly conducted, or participated in the conduct of, the affairs of an enterprise that was engaged in, or whose activities affected, interstate or foreign commerce through a pattern of racketeering activity, in violation of Title 18, United States Code, Section 1962(c).

Count Two of the Indictment charges that Mr. Yager conspired with other persons to conduct, or to participate in the conduct of, the affairs of an enterprise which was engaged in, or whose activities affected interstate or foreign commerce, through a pattern of racketeering activity, in violation of Title 18, United States Code, Section 1962(d).

Mr. Yager has pleaded not guilty to the charges.

The indictment is simply the formal way of telling Mr. Yager what crimes he is accused of having committed.  The indictment is not evidence that he is guilty.  It does not even raise a suspicion of guilt.

Authority:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 1.02 (the Charge) (modified by including information called for in brackets).

Given_____

Refused_____

Modified_____

2

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

**1.03    PRESUMPTION OF INNOCENCE/BURDEN OF PROOF**

Mr. Yager is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that he is guilty as charged.

The government has the burden of proving Mr. Yager's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

Mr. Yager is never required to prove his innocence. He is not required to produce any evidence at all.

**Alternative to paragraphs 2 and 3 to be used when an affirmative defense is raised on which the defendant has the burden of proof:**

The government has the burden of proving every element of the crime[s] charged beyond a reasonable doubt. This burden of proof stays with the government throughout the case.  Mr. Yager is never required to prove his innocence. He is not required to produce any evidence at all.

However, Mr. Yager  has the burden of proving the defense of [identify defense, *e.g.*, duress, insanity] by [a preponderance of the evidence; clear and convincing evidence].

<u>Authority</u>:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 1.03 (Presumption of Innocence/Burden of Proof) (unmodified).

Given_____

Refused_____

Modified_____

3

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 4

## 2.01    THE EVIDENCE

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to.  A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

[In addition, you may recall that I took [judicial] notice of certain facts that may be considered as matters of common knowledge. You may accept those facts as proved, but you are not required to do so.]

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper.  If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

Authority:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 2.01 (the Evidence) (unmodified).

Given_____

Refused_____

Modified_____

4

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 5

**2.02    CONSIDERING THE EVIDENCE**

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

<u>Authority</u>:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 2.02 (Considering the Evidence) (unmodified).

Given_____

Refused_____

Modified_____

5

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 6

## 2.03    DIRECT AND CIRCUMSTANTIAL EVIDENCE

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

<u>Authority</u>:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 2.03 (Direct and Circumstantial Evidence) (unmodified).

Given_____

Refused_____

Modified_____

6

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 7

**2.04    NUMBER OF WITNESSES**

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

<u>Authority</u>:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 2.04 (Number of Witnesses) (unmodified).

Given_____

Refused_____

Modified_____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 8

## 2.05    DEFENDANT'S FAILURE TO TESTIFY OR PRESENT EVIDENCE

Mr. Yager defendant has an absolute right not to testify [or present evidence]. You may not consider in any way the fact that Mr. Yager did not testify [or present evidence]. You should not even discuss it in your deliberations.

Authority:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 2.05 (Defendant's Failure to Testify or Present Evidence) (unmodified).

Given_____

Refused_____

Modified_____

8

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 9

**3.01    CREDIBILITY OF WITNESSES**

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness's testimony [, including that of Mr. Yager]. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the age of the witness;

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent [or consistent] statements or conduct by the witness.

<u>Authority</u>:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 3.01 (Credibility of Witnesses) (unmodified).

Given_____

Refused_____

Modified_____

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 10

### 3.02    ATTORNEY INTERVIEWING WITNESS

It is proper for an attorney to interview any witness in preparation for trial.

<u>Authority</u>:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 3.02 (Attorney Interviewing Witness) (unmodified).

Given_____

Refused_____

Modified_____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 11

### 3.03    PRIOR INCONSISTENT STATEMENTS

You have heard evidence that before the trial, [a] witness[es] made [a] statement[s] that may be inconsistent with [his; their] testimony here in court. You may consider an inconsistent statement made before the trial [only] to help you decide how believable a witness' testimony was here in court. [If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.]

<u>Authority</u>:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 3.03 (Prior Inconsistent Statements) (unmodified).

Given_____

Refused_____

Modified_____

11

GOVERNMENT'S PROPOSED INSTRUCTION NO. 12

**3.04    PRIOR INCONSISTENT STATEMENT BY DEFENDANT**

You have heard evidence that before the trial, Mr. Yager made [a] statement[s] that may be inconsistent with his testimony here in court. You may consider an inconsistent statement by Mr. Yager  made before the trial to help you decide how believable his testimony was here in court, and also as evidence of the truth of whatever he said in the earlier statement.

Authority:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 3.04 (Prior Inconsistent Statement by Defendant) (unmodified).

Given_____

Refused_____

Modified_____

12

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 13

### 3.05    WITNESSES REQUIRING SPECIAL CAUTION

You have heard testimony from witnesses who:

[-    were promised or have received benefit in return for his testimony and cooperation with the government

[-    has [admitted; been convicted of] lying under oath;]

[-    has [pleaded guilty to; stated] that he was involved in [[one; some] of] the crime[s] Mr. Yager is charged with committing.] [You may not consider his guilty plea as evidence against Mr. Yager.]]

You may give [this witness'; these witnesses'] testimony whatever weight you believe is appropriate, [defendant wants: or no weight at all,] keeping in mind that you must consider that testimony with caution and great care.

Authority:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 3.05 (Witnesses Requiring Special Caution) (unmodified).

Given_____

Refused_____

Modified_____

13

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 14

### 3.06    IMPEACHMENT BY PRIOR CONVICTION

**(a)**

[Only if defendant testifies]   You may consider evidence that Mr. Yager  was convicted of a crime only in deciding the believability of his testimony. [You may not consider it for any other purpose.]   [The other conviction[s] [is; are] not evidence of whether Mr. Yager  is guilty of [the; any] crime he is charged with in this case.]

**(b)**

You may consider evidence that a witness was convicted of a crime only in deciding the believability of his testimony. You may not consider it for any other purpose.

<u>Authority</u>:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 3.06 (Impeachment by Prior Conviction) (unmodified).

Given_____

Refused_____

Modified_____

14

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 15

### 3.07    CHARACTER EVIDENCE REGARDING WITNESS

You have heard testimony about [name]'s character for [truthfulness; untruthfulness]. You may consider this evidence only in deciding the believability of [name]'s testimony and how much weight to give to it.

<u>Authority</u>:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 3.07 (Character Evidence Regarding Witness) (unmodified).

Given_____

Refused_____

Modified_____

15

GOVERNMENT'S PROPOSED INSTRUCTION NO. 16

**3.09    STATEMENT BY DEFENDANT**

You have [heard testimony; received evidence] that Mr. Yager made a statement to [name of person or agency]. You must decide whether [he] actually made the statement and, if so, how much weight to give to the statement. In making these decisions, you should consider all of the evidence, including his personal characteristics and circumstances under which the statement may have been made.

<u>Authority</u>:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 3.09 (Statement by Defendant) (unmodified).

Given_____

Refused_____

Modified_____

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 17

**3.11    EVIDENCE OF OTHER ACTS BY DEFENDANT**

You have heard evidence that Mr. Yager previously pleaded guilty to and was convicted of the crimes of battery and racketeering, separate and apart from the racketeering and racketeering conspiracy offenses charged in the indictment.

Before using this evidence, you must decide whether it is more likely than not that he committed those crimes, which are not charged in [government wants:  the indictment in] this case.

If you decide that he did, then you may consider this evidence to help you decide whether he had a motive to engage, and whether he intended to engage in, the racketeering and racketeering conspiracy offenses with which he has been charged in this case.

You may not consider that evidence of Randy Yager's prior racketeering conviction for any other purpose. Keep in mind that he is on trial here for racketeering and racketeering conspiracy, as charged in the indictment, not for his prior conviction of racketeering.

Authority:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 3.11 (Evidence of Other Acts by Defendant) (modified by including information called for in brackets).

Given_____

Refused_____

Modified_____

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 18

### 3.12    IDENTIFICATION TESTIMONY

You have heard testimony of an identification of a person. Identification testimony is an expression of the witness's belief or impression. In evaluating this testimony, you should consider the opportunity the witness had to observe the person at the time [of the offense] and to make a reliable identification later. You should also consider the circumstances under which the witness later made the identification.

The government must prove beyond a reasonable doubt that Mr. Yager is the person who committed the crime that is charged.

<u>Authority</u>:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 3.12 (Identification Testimony) (modified).

Given_____

Refused_____

Modified_____

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 19

### 3.13    OPINION TESTIMONY

You have heard a witness, namely, [name of witness], who gave opinions and testimony about [certain subject(s); specify the subject(s), if possible]. You do not have to accept this witness' [opinions; testimony]. You should judge this witness' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness' qualifications, how he reached his [opinions; conclusions], and the factors I have described for determining the believability of testimony.

Authority:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 3.13 (Opinion Testimony)

Given_____

Refused_____

Modified_____

19

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 20

**3.14   RECORDED CONVERSATIONS/TRANSCRIPTS**

You have [heard [a] recorded conversation[s]; seen [a] video recording[s]]. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

[You were also given transcripts of the conversation[s] [on the video recording[s]] to help you follow the recording[s] as you listened to [it; them]. The recording[s] are the evidence of what was said and who said it. The transcripts are not evidence. If you noticed any differences between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned.

[I am providing you with the recording[s] and a device with instructions on its use. It is up to you to decide whether to listen to [a; the] recording during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.]

[If, during your deliberations, you wish to have another opportunity to view [a; any] transcript[s][as you listen to a recording], send a written message to the [marshal; court security officer], and I will provide you with the transcript[s].]

<u>Authority</u>:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 3.14 (Recorded Conversations/Transcripts)

Given_____

Refused_____

Modified_____

20

GOVERNMENT'S PROPOSED INSTRUCTION NO. 21

**3.16    SUMMARIES RECEIVED IN EVIDENCE**

Certain [summaries; charts; etc.] were admitted in evidence. [You may use those [summaries; charts] as evidence [even though the underlying [documents; evidence] are not here].]

[The accuracy of the [summaries; charts] has been challenged. [The underlying [documents; evidence] [has; have] also been admitted so that you may determine whether the summaries are accurate.]

[It is up to you to decide how much weight to give to the summaries.]

Authority:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 3.16 (Summaries Received in Evidence) (unmodified).

Given_____

Refused_____

Modified_____

COURT'S INSTRUCTION NO. ____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 22

### 3.17 DEMONSTRATIVE SUMMARIES/CHARTS
### NOT RECEIVED IN EVIDENCE

Certain [summaries; charts; etc.] were shown to you to help explain other evidence that was admitted, [specifically, identify the demonstrative exhibit, if appropriate]. These [summaries; charts] are not themselves evidence or proof of any facts, [so you will not have these particular [summaries; charts] during your deliberations]. [If they do not correctly reflect the facts shown by the evidence, you should disregard the [summaries; charts] and determine the facts from the underlying evidence.]

<u>Authority</u>:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 3.17 (Demonstrative Summaries/Charts Not Received in Evidence) (unmodified).

Given_____

Refused_____

Modified_____

22

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 23

### 3.18    JUROR NOTE-TAKING

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impressions of each juror.

<u>Authority</u>:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 3.18 (Juror Note-Taking) (unmodified).

Given_____

Refused_____

Modified_____

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 24

### 3.19    GOVERNMENT INVESTIGATIVE TECHNIQUES

You have heard evidence obtained from the government's use of [undercover agents] [informants] [government wants:  recording devices][defense wants:  deceptive investigation techniques].  The law does not forbid the government from using such investigative techniques.  You should consider evidence obtained this way together with and in the same way you consider the other evidence.

Authority:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 3.19 (Government Investigative Techniques) (modified to add "recording devices").

Given_____

Refused_____

Modified_____

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 25

**4.05    DATE OF CRIME CHARGED**

The indictment charges that crimes happened "on or about" certain months or dates.  The government must prove that the crimes happened reasonably close to those months or dates. The government is not required to prove that the crimes happened on the those exact dates.

<u>Authority</u>:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 4.05 (Date of Crime Charged) (unmodified).

Given_____

Refused_____

Modified_____

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 26

**18 U.S.C. § 1962(c)   SUBSTANTIVE RACKETEERING – ELEMENTS**

Count One of the indictment charges Mr. Yager with racketeering. In order for you to find him guilty of this charge, the government must prove each of the four following elements beyond a reasonable doubt:

First, that the White Region of the Outlaws Motorcycle Club was an enterprise; and

Second, that Mr. Yager was associated with the enterprise; and

Third, that he knowingly conducted or participated in the conduct of the affairs of the White Region of the Outlaws Motorcycle Club through a pattern of racketeering activity as described in Count One; and

Fourth, that the activities of the White Region of the Outlaws Motorcycle Club affected interstate commerce.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you [government wants: should] [defendant wants: may] find Mr. Yager guilty of racketeering as charged in Count One.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find Mr. Yager not guilty of that charge.

Authority:

Pattern Criminal Jury Instructions of the Seventh Circuit, 18 U.S.C. § 1962(c), Substantive Racketeering – Elements (modified only by added language called for in brackets).

Given_____

Refused_____

Modified_____

26

GOVERNMENT'S PROPOSED INSTRUCTION NO. 27

**18 U.S.C. § 1961(4)   ENTERPRISE – ASSOCIATION IN FACT**

The term "enterprise" can include a group of people associated together for a common purpose of engaging in a course of conduct. This group may be associated together for purposes that are both legal and illegal.

In considering whether a group is an "enterprise," you may consider whether it has an ongoing organization or structure, either formal or informal, and whether the various members of the group functioned as a continuing unit.  A group may continue to be an "enterprise" even if it changes membership by gaining or losing members over time.

The government must prove that the group described in the indictment was the "enterprise" charged, but need not prove each and every allegation in the indictment about the enterprise or the manner in which the enterprise operated.  The government need not prove the association had any form or structure beyond the minimum necessary to conduct the charged pattern of racketeering.

Authority:

Pattern Criminal Jury Instructions of the Seventh Circuit, 18 U.S.C. § 1961(4), Enterprise – Association in Fact (unmodified).

Given_____

Refused_____

Modified_____

27

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 28

**18 U.S.C. § 1962(c) & (d)   ASSOCIATE – DEFINITION**

To be associated with an enterprise, a person must be involved with the enterprise in a way that is related to its affairs or common purpose[, although the person [need not have a stake in the goals of the enterprise [and] [may even act in a way that subverts those goals]]. A person may be associated with an enterprise without being so throughout its existence.

<u>Authority</u>:

Pattern Criminal Jury Instructions of the Seventh Circuit, 18 U.S.C. § 1962(c) & (d) Associate – Definition (unmodified).

Given_____

Refused_____

Modified_____

28

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 29

**4.10    KNOWINGLY – DEFINITION**

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether Mr. Yager acted knowingly, you may consider all of the evidence, including what he did or said.

[You may find that [government wants:  a defendant] [defense wants:  an accused] acted knowingly if you find beyond a reasonable doubt that he had a strong suspicion that [state fact as to which knowledge is in question, *e.g.*, "drugs were in the suitcase," "the financial statement was false,"] and that he deliberately avoided the truth. You may not find that [government wants:  a defendant] [defense wants:  an accused] acted knowingly if he was merely mistaken or careless in not discovering the truth, or if he failed to make an effort to discover the truth.]

<u>Authority</u>:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 4.10 (Knowingly-Definition) (unmodified).

Given_____

Refused_____

Modified_____

29

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 30

**18 U.S.C. § 1962(c) CONDUCT – DEFINITION**

A person conducts or participates in the conduct of the affairs of an enterprise if that person uses his position in, or association with, the enterprise to perform acts which are involved in some way in the operation or management of the enterprise, directly or indirectly, or if the person causes another to do so.

In order to have conducted or participated in the conduct of the affairs of an enterprise, a person need not have participated in all of the activity alleged in Count One.

Authority:

Pattern Criminal Jury Instructions of the Seventh Circuit, 18 U.S.C. § 1962(c) Conduct – Definition (modified by using only first paragraph here and second paragraph, regarding participating in racketeering conspiracy, in instructions on that count, below).

Given_____

Refused_____

Modified_____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 31

**18 U.S.C. § 1962   INTERSTATE COMMERCE – DEFINITION**

Interstate commerce includes the movement of money, goods, services or persons from one state to another or between another country and the United States. This would include the purchase or sale of goods or supplies from outside the states in which the enterprise was located, the use of interstate mail or wire facilities, or the causing of any of those things. If you find that beyond a reasonable doubt either (a) that the White Region of the Outlaws Motorcycle Club made, purchased, sold or moved goods or services that had their origin or destination outside the states in which the enterprise was located, or (b) that the actions of the White Region of the Outlaws Motorcycle Club affected in any degree the movement of money, goods or services across state lines, then interstate commerce was engaged in or affected.

The government need only prove that the White Region of the Outlaws Motorcycle Club as a whole engaged in interstate commerce or that its activity affected interstate commerce to any degree, although proof that racketeering acts did affect interstate commerce meets that requirement. The government need not prove that Mr. Yager engaged in interstate commerce, or that the acts of Mr. Yager affected interstate commerce.

Authority:

Pattern Criminal Jury Instructions of the Seventh Circuit, 18 U.S.C. § 1962 – Interstate Commerce - Definition (unmodified except to add information called for in brackets).

Given_____

Refused_____

Modified_____

31

GOVERNMENT'S PROPOSED INSTRUCTION NO. 32

**DEFINITION OF "RACKETEERING ACTIVITY"**

The term "racketeering activity" includes acts involving murder and acts involving arson, committed in violation of state law.

Each of the state offenses described under the headings Racketeering Act # 1 through Racketeering Act # 8 in Count One, are alleged to have involved murder, arson, or both. Accordingly, each of the numbered racketeering acts listed in Count One, if proven beyond a reasonable doubt, constitutes a "racketeering activity" under federal law.

In these instructions, the term "racketeering act" is used interchangeably with, and has the same meaning as, the term "racketeering activity."

Authority:

18 U.S.C. § 1961(1) (definition of "racketeering activity").

Given_____

Refused_____

Modified_____

32

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 33

## AIDING AND ABETTING/ACTING THROUGH ANOTHER

The eight racketeering acts that Mr. Yager is alleged to have committed, to have caused another person or persons to commit, or to have conspired to commit in connection with Count One involved arson, murder, or both, in violation of state law.

Under the law of the state in which each of the eight numbered racketeering acts is alleged to have occurred, a defendant may be held legally responsible for the criminal conduct of another person under the following circumstances.

Under Indiana law, a person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person has not been prosecuted for the offense, has not been convicted of the offense, or has been acquitted of the offense. You should apply this legal responsibility standard when you consider whether the government has proven that Mr. Yager committed Racketeering Acts # 2 and # 7, which involve state crimes alleged to have been committed in violation of Indiana law.

Under Illinois law, a person is legally responsible for the conduct of another person when, either before or during the commission of an offense, and with the intent to promote or facilitate the commission of the offense, he knowingly solicits, aids, abets, agrees to aid, or attempts to aid the other person in the planning or commission of the offense. Here, the word "conduct" includes any criminal act done in the furtherance of the planned or intended act. You should apply this legal responsibility standard when you consider whether the government has proven that Mr. Yager committed Racketeering Acts # 4, # 5, # 6, and # 8, which involve state crimes alleged to have been committed in violation of Illinois law.

Under New York law, when one person engages in conduct that constitutes an offense, another person is criminally liable for such conduct when, acting with the state of mind required for the commission of the offense, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct. You should apply this legal responsibility standard when you consider whether the government has proven that Mr. Yager committed Racketeering Act # 3, which involves state crimes alleged to have been committed in violation of New York law.

These are the principles that you must apply in deciding whether Mr. Yager may be held legally responsible for causing another person to engage in conduct constituting a crime under the law of the state where the conduct occurred.

33

<u>Authority</u>:

Illinois Pattern Jury Instructions No. 5.03 (Accountability); Indiana Code § 35-41-2-4 (Aiding, inducing, or causing an offense) (1976); New York Penal Code § 20.00.

Given_____

Refused_____

Modified_____

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 34

**RACKETEERING ACTS – BURDEN OF PROOF AND SPECIFIC FINDINGS**

With respect to each of the eight numbered racketeering acts listed in Count One of the Indictment, you are to make findings as to whether the government has proven [defendant wants:  beyond a reasonable doubt], or not proven, that Mr. Yager committed that particular racketeering act.   In performing that task, you should apply the following analysis.

If you find from your consideration of all the evidence that the government has proven that Mr. Yager committed or caused the commission of a particular racketeering act – by proving each of the elements of that particular racketeering act beyond a reasonable doubt – then you should find that his commission of that racketeering act has been "proven."

If, on the other hand, you find that the government has not proven that Mr. Yager committed or caused the commission of that particular racketeering act – by virtue of having failed to prove any one or more of the required elements of a particular racketeering act beyond a reasonable doubt – then you should find that his commission of that racketeering act was "not proven."

Authority:  None.

Given_____

Refused_____

Modified_____

COURT'S INSTRUCTION NO. ____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 35

**18 U.S.C. § 1962(c)   SUBPARTS OF RACKETEERING ACTS**

Seven of the eight racketeering acts described in Count One consist of multiple offenses.  Specifically, Racketeering Acts # 2 through # 8 consist of multiple offenses set out in separate, lettered sub-paragraphs, either  as subparagraph (a) or (b) or as subparagraphs (a) or (b) or (c).

To prove that Mr. Yager committed a particular "racketeering act" that is made up of multiple offenses, it is sufficient if the government proves beyond a reasonable doubt that he committed, or caused the commission of, at least one of the offenses identified in the sub-paragraphs of that racketeering act.

However, to find a racketeering act proven, you must unanimously agree upon which one or more of the different offenses alleged within a racketeering act that Mr. Yager committed or caused to be committed.

Accordingly, if, in considering a racketeering act consisting of two or more lettered subparts, you unanimously agree that the government has proven beyond a reasonable doubt that Mr. Yager committed, or caused the commission of, one or more of the particular acts alleged in the lettered subparts of a racketeering act, then you should find that the numbered racketeering act has been "proven."

If, on the other hand, in considering such a racketeering act consisting of two or more lettered subparts, you do not unanimously agree that the government has proven beyond a reasonable doubt that Mr. Yager committed, or caused the commission of, any of the acts alleged in those lettered subparts, then you should find the racketeering act "not proven."

Special verdict forms will be provided to you on which I will ask you to record your findings as to whether the government has "proven" or "not proven" whether Mr. Yager committed each of the eight numbered racketeering acts of which he has been accused in connection with Count One.

Authority:
Pattern Criminal Jury Instructions of the Seventh Circuit, 18 U.S.C. § 1962(c)   Subparts of Racketeering Acts (modified by adding phrase "one or more" to first paragraph of line three and by adding next three paragraphs).

Given_____
Refused_____
Modified_____

36

GOVERNMENT'S PROPOSED INSTRUCTION NO. 36

**18 U.S.C. § 1962(c) - PATTERN REQUIREMENT – SUBSTANTIVE RACKETEERING**

In order to find a "pattern of racketeering activity" for purposes of Count One, you must find beyond a reasonable doubt that Mr. Yager committed or caused another person to commit at least two racketeering acts described in Count One, and that those acts were in some way related to each other and that there was continuity between them.

Although a pattern of racketeering activity must consist of two or more acts, deciding that two such acts were committed, by itself, may not be enough for you to find that a pattern exists.

Acts are related to each other if they are not isolated events, that is, if they have similar purposes, or results, or participants, or victims, or are committed a similar way, or have other similar distinguishing characteristics, or are part of the affairs of the same enterprise.

There is continuity between acts if, for example, they are ongoing over a substantial period, or if they are part of the regular way some entity does business or conducts its affairs.

The government need not prove that all the acts described in Count One were committed, but you must unanimously agree as to which two or more racketeering acts Mr. Yager committed or caused to be committed in order to find him guilty of that count.

<u>Authority</u>:

Pattern Criminal Jury Instructions of the Seventh Circuit, 18 U.S.C. § 1962(c) - Pattern Requirement – Substantive Racketeering (modified) (deleted bracketed phrase "and that they were separate acts" from end of paragraph 1; added last paragraph).

Given_____

Refused_____

Modified_____

37

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 37

**RACKETEERING ACT # 1:  DESCRIPTION**

In Racketeering Act # 1, Mr. Yager is alleged to have committed the crime of conspiracy to commit murder in violation of the law of the State of Indiana.

Specifically, on or about June 26, 1994, Mr. Yager is alleged to have conspired with other members and associates of the White Region of the Outlaws Motorcycle Club to kill members of rival motorcycle clubs and, in furtherance of that conspiracy, one or more of the conspirators are alleged to have traveled to Lake County, Indiana, while armed with dangerous weapons, to confront members of rival motorcycle clubs.

Conspiracy to commit murder is a racketeering act under federal law.

<u>Authority</u>:  None.

Given_____

Refused_____

Modified_____

38

GOVERNMENT'S PROPOSED INSTRUCTION NO. 38

**RACKETEERING ACT # 1:  DEFINITION OF
CONSPIRACY UNDER INDIANA LAW**

Under Indiana law, a person conspires to commit a felony when, with intent to commit the felony, he agrees with another person to commit the felony, and the person or persons with whom he agreed performed an overt act in the furtherance of the conspiracy.

Authority:

Indiana Pattern Jury Instruction No. 2.07 ("Conspiracy").

Given_____

Refused_____

Modified_____

39

COURT'S INSTRUCTION NO. ____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 39

**RACKETEERING ACT # 1: ELEMENTS OF
CONSPIRACY TO COMMIT MURDER UNDER INDIANA LAW**

In order to sustain the charge of conspiracy to commit murder in violation of Indiana law, as alleged in Racketeering Act # 1, the government must prove each of the following elements beyond a reasonable doubt:

First, that, on or about June 26, 1994, Mr. Yager agreed with another person to [government wants: commit the crime of murder] [defense wants: knowingly or intentionally kill another human being]; and

Second, that he reached this agreement with the intent that the crime be committed; and

Third, that he or the other person with whom he reached the agreement performed an overt act in furtherance of the agreement by traveling to a speedway in Lake County, Indiana, while armed with dangerous weapons.

Authority:

Indiana Pattern Jury Instruction Nos. 2.07 ("Conspiracy") and 2.10 ("Murder").

Given_____

Refused_____

Modified_____

40

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 40

**RACKETEERING ACT # 1:  DEFINITION OF MURDER
UNDER INDIANA LAW**

Under Indiana law, the crime of murder is the knowing or intentional killing of another human being.

<u>Authority</u>:

Indiana Pattern Jury Instruction No. 2.10 ("Murder") (modified).

Given_____

Refused_____

Modified_____

41

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 41

**RACKETEERING ACT # 2(a):  DESCRIPTION**

In Racketeering Act # 2(a), Mr. Yager is alleged to have committed the crime of conspiracy to commit arson in violation of the law of the State of Indiana.

Specifically, between in or about July or August 1994 and August 31, 1994, Mr. Yager is alleged to have conspired with other members and associates of the White Region of the Outlaws Motorcycle Club to knowingly and intentionally damage, by means of fire, a dwelling belonging to the Hells Henchmen Motorcycle Club [without the Hells Henchman's consent]; [and] to damage property under circumstances that would endanger human life[.][; and to damage property of other persons without their consent that would result in a pecuniary loss of more than $250].  In furtherance of that conspiracy, one or more members of the White Region Outlaw members are alleged to have outfitted a stolen car with a container of flammable fuel to be used as a torch.

Conspiracy to commit arson is a racketeering act under federal law.

Authority:  None.

Given_____

Refused_____

Modified_____

Case 2:97-cr-00098-JPS   Filed 03/16/16   Page 42 of 97   Document 2154-13

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 42

**RACKETEERING ACT # 2(a): ELEMENTS OF
CONSPIRACY TO COMMIT ARSON UNDER INDIANA LAW**

In order to sustain the charge of conspiracy to commit arson in violation of Indiana law, as alleged in Racketeering Act # 2(a), the government must prove each of the following elements beyond a reasonable doubt:

First, that between in or about July or August 1994 and August 31, 1994, Mr. Yager agreed with another person to [government wants: commit the crime of arson] [defense wants: knowingly or intentionally, by means of fire, damage (1) a dwelling of another person without that person's consent, or (2) property of any person under circumstances that endanger human life]; and

Second, that Mr. Yager reached this agreement with the intent that the crime be committed; and

Third, that Mr. Yager or the other person with whom he reached the agreement performed an overt act in furtherance of the agreement by outfitting a stolen car with a container of flammable fuel to be used as a torch.

Authority:

Indiana Pattern Jury Instruction Nos. 2.07 ("Conspiracy").

Given_____

Refused_____

Modified_____

43

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 43

**RACKETEERING ACT # 2(a):  DEFINITION OF
ARSON UNDER INDIANA LAW**

[Defense wants to strike this instruction entirely and incorporate the operative language, as noted above, into the conspiracy elements instruction immediately preceding this instruction]  Under Indiana law, a person commits arson when he, by means of fire, knowingly or intentionally damages:  (1) a dwelling of another person without the other person's consent, or (2) property of any person under circumstances that endanger human life.

<u>Authority</u>:

Indiana Code 35-43-1-1.

Given_____

Refused_____

Modified_____

44

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 44

**RACKETEERING ACT # 2(a): DEFINITION OF
DWELLING UNDER INDIANA LAW**

The term "dwelling," as used in the Indiana arson statute, is a building or structure that is a person's home or place of lodging.

The term "property," as used in the Indiana arson statute, includes both real property and personal property. Personal property includes any moveable item that is subject to ownership and that is not classified as real property.

<u>Authority</u>:

Indiana Model Instruction No. 14.75 ("Dwelling").

Given_____

Refused_____

Modified_____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 45

**RACKETEERING ACT # 2(b):  DESCRIPTION**

In Racketeering Act # 2(b), Mr. Yager is alleged to have committed the crime of arson, as party to a crime, in violation of the law of the State of Indiana.

Specifically, on or about August 31, 1994, Mr. Yager is alleged to have committed arson, in violation of the law of the State of Indiana, by knowingly and intentionally causing to be damaged, by means of fire, a dwelling belonging to the Hells Henchmen Motorcycle Club [without the Hells Henchman's consent]; [and] to damage property under circumstances that would endanger human life[.][; and to damage property of other persons without their consent that would result in a pecuniary loss of more than $250.]

Arson is a racketeering act under federal law.

Authority:  None.

Given_____

Refused_____

Modified_____

46

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 46

## RACKETEERING ACT # 2(b):  ELEMENTS OF
## AIDING, INDUCING, OR CAUSING ARSON UNDER INDIANA LAW

In order to sustain the charge of arson, as party to a crime, in violation of Indiana law, as alleged in Racketeering Act # 2(b), the government must prove each of the following elements beyond a reasonable doubt:

First, [government wants:  that on or about August 31, 1994, Mr. Yager, or a person for whose conduct Mr. Yager is legally responsible under Indiana law, knowingly or intentionally damaged property by means of fire; and]

[Defense wants:  Mr. Yager knowingly or intentionally damaged property by means of fire, or knowingly or intentionally aided or caused or induced another to do so; and]

Second, that the damaged property was either:  (a) the dwelling of another that was damaged without the owner's consent, or (b) the property of another that was damaged under circumstances that endangered human life; or (c) the property of another that was damaged without their consent that resulted in a pecuniary loss of more than $250.]

[Government wants:  In order for you to find Mr. Yager to be legally responsible for the conduct of another person that constitutes a criminal offense under Indiana law, you must find beyond a reasonable doubt that Mr. Yager either knowingly or intentionally aided the person in committing the offense, or knowingly or intentionally caused or induced the person to commit the offense.]

Authority:

Indiana Pattern Jury Instruction Nos. 2.11 ("Aiding, Inducing, or Causing Offense") and 4.01 ("Arson") (modified).

Given_____

Refused_____

Modified_____

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 47

**RACKETEERING ACT # 3(a):  DESCRIPTION**

In Racketeering Act # 3(a), Mr. Yager is alleged to have committed the crime of conspiracy to commit murder, in violation of the law of the State of New York.

Specifically, between on or about September 20, 1994, and on or about September 25, 1994, Mr. Yager is alleged to have conspired with other members and associates of the White Region of the Outlaws Motorcycle Club to knowingly and intentionally kill members of the Hells Angels Motorcycle Club.  In furtherance of that conspiracy, one or more members of the White Region Outlaw members are alleged to have traveled to Erie County, New York, while armed with dangerous weapons, to confront and kill members of the Hells Angels Motorcycle Club.

Conspiracy to commit murder is a racketeering act under federal law.

Authority:  None.

Given_____

Refused_____

Modified_____

48

GOVERNMENT'S PROPOSED INSTRUCTION NO. 48

**RACKETEERING ACT # 3(a):  DEFINITION OF CONSPIRACY
UNDER NEW YORK LAW**

Under New York law, a person is guilty of conspiracy to commit a crime when, with intent that the conduct constituting the crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct and one of the conspirators committed an overt act in furtherance of the conspiracy.   The agreement to engage in or cause the performance of a crime is not itself an overt act.  The overt act must be an independent act that  tends to carry out the conspiracy.  The overt act can be, but need not be, the commission of the crime that was the object of the conspiracy

A person commits murder, under New York law, when he, with the intent to cause the death of another person, causes the death of such person.

Authority:

New York State Unified Court System Criminal Jury Instructions § 105.15 ("Conspiracy to Commit a Class A Felony");

New York State Unified Court System Criminal Jury Instructions § 125.25(1) ("Murder First Degree")

Given_____

Refused_____

Modified_____

Case 2:97-cr-00098-JPS   Filed 03/16/16   Page 49 of 97   Document 2154-13

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 49

**RACKETEERING ACT # 3(a): CONSPIRACY TO COMMIT MURDER
UNDER NEW YORK LAW – ELEMENTS**

In order to sustain the charge of conspiracy to commit murder in violation of New York law, as alleged in Racketeering Act # 3(a), the government must prove each of the following elements beyond a reasonable doubt:

[Government wants:

First, that between on or about September 20, 1994, and on or about September 25, 1994, Mr. Yager agreed with one or more persons to engage in or cause the performance of conduct constituting the crime of murder; and

Second, that Mr. Yager did so with the intent that such conduct be performed; and

Third, that Mr. Yager, or one of the persons with whom he agreed to engage in or cause the performance of such conduct, committed the alleged overt act in furtherance of the conspiracy, namely, one or more of the co-conspirators traveled to Erie County, New York, while armed with dangerous weapons, to confront and kill members of the Hells Angels Motorcycle Club.]

[Defense wants:

First, that between on or about September 20, 1994, and on or about September 25, 1994, Mr. Yager and another person entered into an agreement to intentionally cause the death of another person; and

Second, that one of the members of the agreement committed an overt act in furtherance of the agreement. Proof of an overt act by only one of the co-conspirators is sufficient to satisfy this element.]

Authority: New York State Unified Court System Criminal Jury Instructions §105.15 ("Conspiracy to Commit a Class A Felony") (for government's version).

Given_____
Refused_____
Modified_____

Case 2:97-cr-00098-JPS   Filed 03/16/16   Page 50 of 97   Document 2154-13

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 50

**RACKETEERING ACT # 3(b):  DESCRIPTION**

In Racketeering Act # 3(b), Mr. Yager is alleged to have committed the crime of second-degree murder, in violation of the law of the State of New York.

Specifically, on or about September 25, 1994, Mr. Yager is alleged to have engaged in conduct which created a grave risk of death to Michael Quale, under circumstances evincing a depraved indifference to human life, and to have thereby caused the death of Michael Quale.

Second degree murder is a racketeering act under federal law.

<u>Authority</u>:  None.

Given_____

Refused_____

Modified_____

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 51

**RACKETEERING ACT # 3(b):  ELEMENTS OF
AIDING, INDUCING, OR CAUSING SECOND-DEGREE MURDER UNDER NEW
YORK LAW**

In order to sustain the charge of murder, as party to a crime, in violation of New York law, as alleged in Racketeering Act # 3(b), the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that on or about September 25, 1994, Mr. Yager, or a person for whose conduct he is legally responsible under New York law, caused the death of Michael Quale; and

<u>Second</u>, that Mr. Yager, or a person for whose conduct he is legally responsible under New York law, did so by recklessly engaging in conduct that created a grave risk of death to Michael Quale; and

<u>Third</u>, that Mr. Yager, or a person for whose conduct he is legally responsible under New York law, engaged in such conduct under circumstances evincing a depraved indifference to human life.

In order for you to find Mr. Yager to be legally responsible for the conduct of another person that constitutes a criminal offense under New York law, you must find beyond a reasonable doubt:

<u>First</u>, that Mr. Yager solicited, requested, commanded, importuned, or intentionally aided that person to engage in that conduct; and

<u>Second</u>, that Mr. Yager did so with the state of mind required for the commission of the offense.

<u>Authority</u>:

New York State Unified Court System Criminal Jury Instructions § 125.25(2) Murder Second Degree (modified).

Given_____
Refused_____
Modified_____

Case 2:97-cr-00098-JPS   Filed 03/16/16   Page 52 of 97   Document 2154-13

GOVERNMENT'S PROPOSED INSTRUCTION NO. 52

**RACKETEERING ACT # 3(b):  DEFINITION OF RECKLESSLY ENGAGING IN CONDUCT WHICH CREATES A GRAVE RISK OF DEATH TO ANOTHER**

Under the law of the State of New York, a person recklessly engages in conduct which creates a grave risk of death to another person  when he:  (1) engages in conduct which creates a grave and unjustifiable risk that another person's death will occur, and (2) when he is aware of and consciously disregards that risk, and (3) when that grave and unjustifiable risk is of such nature and degree that disregard of it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.

<u>Authority</u>:

New York State Unified Court System Criminal Jury Instructions § 125.25(2) Murder Second Degree (modified).

Given_____

Refused_____

Modified_____

53

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 53

**RACKETEERING ACT # 3(b):  DEFINITION OF DEPRAVED
INDIFFERENCE TO HUMAN LIFE**

Depraved indifference to human life refers to a person's state of mind in recklessly engaging in conduct which creates a grave risk of death.   A person has a depraved indifference to human life when that person has an utter disregard for the value of human life, that is, a willingness to act, not because he means to cause grievous harm to the person who is killed, but because he simply does not care whether or not grievous harm will result.   In other words, a person who is depravedly indifferent is not just willing to take a grossly unreasonable risk to human life -- that person does not care how the risk turns out.

<u>Authority</u>:


New York State Unified Court System Criminal Jury Instructions § 125.25(2) Murder Second Degree (modified).

Given_____

Refused_____

Modified_____

54

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 54

**RACKETEERING ACT # 4(a):  DESCRIPTION**

In Racketeering Act # 4(a), Mr. Yager is alleged to have committed the crime of conspiracy to commit murder in violation of the laws of the State of Illinois.

Specifically, between a date in or about September 1994 and on or about October 12, 1994, Mr. Yager is alleged to have conspired with other members of the White Region of the Outlaws Motorcycle Club to murder Roger Fiebrantz.  In furtherance of that conspiracy, one or more of the conspirators is alleged to have placed an explosive device on a vehicle in the possession of and operated by Roger Fiebrantz.

Conspiracy to commit murder is a racketeering act under federal law.

<u>Authority</u>:  None.

Given_____

Refused_____

Modified_____

55

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 55

**RACKETEERING ACT # 4(a): CONSPIRACY TO COMMIT MURDER
UNDER ILLINOIS LAW - ELEMENTS**

In order to sustain the charge of conspiracy to commit murder in violation of
Illinois law, as alleged in Racketeering Act # 4(a), the government must prove each of
the following elements beyond a reasonable doubt:

[Government wants:

First, that, between a date in September 1994 and on or about October 12, 1994,
Mr. Yager agreed with another to the commission of the offense of first degree murder
of Roger Fiebrantz; and

Second, that Mr. Yager did so with intent that the offense of first degree murder
be committed; and

Third, that an act in furtherance of the agreement was performed by any party to
the agreement, and specifically, one or more of the coconspirators placed an explosive
device on a vehicle owned and operated by Roger Fiebrantz.]

[Defense wants:

First, that, between a date in September 1994 and on or about October 12, 1994,
Mr. Yager agreed with another to intentionally kill Roger Fiebrantz, or do him great
bodily harm, or knew that such acts created a strong probability of death or great bodily
harm to him; and

Second, that an act in furtherance of the agreement was performed by any party
to the agreement, and specifically, one or more of the coconspirators placed an
explosive device on a vehicle owned and operated by Roger Fiebrantz.]

Authority:

Illinois Pattern Jury Instructions, § 6.04

Given_____
Refused_____
Modified_____

56

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 56

**RACKETEERING ACT # 4(a): DEFINITION OF FIRST DEGREE MURDER UNDER ILLINOIS LAW**

[Government wants: A person commits the offense of first degree murder under Illinois law when he kills an individual and if, in performing the acts which cause the death, he intends to kill or do great bodily harm to that individual or he knows that such acts create a strong probability of death or great bodily harm to that individual.]

<u>Authority</u>:

Illinois Pattern Jury Instructions, § 7.01A

Given_____

Refused_____

Modified_____

57

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 57

**RACKETEERING ACT # 4(b):  DESCRIPTION**

In Racketeering Act No. 4(b), Mr. Yager is alleged to have committed the crime of attempted first degree murder, as party to a crime, in violation of the laws of the State of Illinois.  The crime of attempted murder is a racketeering act under federal law. Specifically, between a date in September 1994 and on or about October 12, 1994, Mr. Yager is alleged to have attempted to murder Roger Fiebrantz.

The crime of attempted first degree murder is a racketeering act under federal law.

<u>Authority</u>:  None.

Given_____

Refused_____

Modified_____

58

GOVERNMENT'S PROPOSED INSTRUCTION NO. 58

**RACKETEERING ACT # 4(b):  THE CRIME OF ATTEMPTED
FIRST DEGREE MURDER UNDER ILLINOIS LAW - DEFINITION**

A person commits the crime of attempted first degree murder under Illinois law when he, with the intent to kill an individual, does any act which constitutes a substantial step toward the killing of an individual. The killing attempted need not have been accomplished.

<u>Authority</u>:

Illinois Pattern Jury Instruction No. 6.05X (modified).

Given_____

Refused_____

Modified_____

**RACKETEERING ACT # 4(b):  THE CRIME OF ATTEMPTED
FIRST DEGREE MURDER UNDER ILLINOIS LAW - ELEMENTS**

In order to sustain the charge of attempted murder, in violation of Illinois law, as alleged in Racketeering Act # 4(b), the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that between a date in September 1994 and on or about October 12, 1994, Mr. Yager, or one for whose conduct he is legally responsible, performed an act which constituted a substantial step toward the killing of Roger Fiebrantz; and

<u>Second</u>, that when Mr. Yager, or one for whose conduct he is legally responsible, did so, Mr. Yager intended that Roger Fiebrantz be killed.

In order for you to find Mr. Yager to be legally responsible for the conduct of another person that constitutes a criminal offense under Illinois law, you must find beyond a reasonable doubt:

<u>First</u>, that,  either before or during the commission of an offense, Mr. Yager knowingly solicited, aided, abetted, agreed to aid, or attempted to aid the other person in the planning or commission of the offense;  and

<u>Second</u>, that Mr. Yager did so with the intent to promote or facilitate the commission of the offense.

Authority:

Illinois Pattern Jury Instructions No. 6.07X ("Issues in Attempt First Degree Murder")

Given_____

Refused_____

Modified_____

60

COURT'S INSTRUCTION NO. ____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 60

**RACKETEERING ACT # 4(c):  DESCRIPTION**

In Racketeering Act No. 4(c), Mr. Yager is alleged to have committed the crime of arson, as party to a crime, in violation of the laws of the State of Illinois. The crime of arson is a racketeering act under federal law.   Specifically, on or about October 12, 1994, Mr. Yager is alleged to have knowingly caused personal property of Roger Fiebrantz, having a value of $150 or more, to be damaged, by means of an explosive, without consent.

The crime of arson is a racketeering act under federal law.

<u>Authority</u>:  None.


Given_____

Refused_____

Modified_____

61

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 61

**RACKETEERING ACT # 4(c): THE CRIME OF ARSON INVOLVING PERSONAL PROPERTY UNDER ILLINOIS LAW - DEFINITION**

A person commits the crime of arson under Illinois law when he, by means of fire or explosive, knowingly damages any personal property of another having a value of $150 or more without his consent.

Authority:

Illinois Pattern Jury Instruction No. 15.01 (second paragraph).


Given_____

Refused_____

Modified_____

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 62

**RACKETEERING ACT # 4(c):  THE CRIME OF ARSON**
**INVOLVING PERSONAL PROPERTY UNDER ILLINOIS LAW - ELEMENTS**

In order to sustain the charge of attempted arson, in violation of Illinois law, as alleged in Racketeering Act # 4(c), the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that on or about October 12, 1994, Mr. Yager, or one for whose conduct he is legally responsible, by means of explosive, knowingly damaged the personal property of Roger Fiebrantz; and

<u>Second</u>, that the property had a value of $150 or more; and

<u>Third</u>, that Mr. Yager, or one for whose conduct he is legally responsible, did so without the consent of Roger Fiebrantz.

In order for you to find Mr. Yager to be legally responsible for the conduct of another person that constitutes a criminal offense under Illinois law, you must find beyond a reasonable doubt:

<u>First</u>, that,  either before or during the commission of an offense, Mr. Yager knowingly solicited, aided, abetted, agreed to aid, or attempted to aid the other person in the planning or commission of the offense;  and

<u>Second</u>, that Mr. Yager did so with the intent to promote or facilitate the commission of the offense.

<u>Authority</u>:

Illinois Pattern Jury Instruction No. 15.02A  ("Issues in Arson – Personal Property Having a Value of $150 or More").

<u>Authority</u>:  None.

Given_____
Refused_____
Modified_____

63

Case 2:97-cr-00098-JPS   Filed 03/16/16   Page 63 of 97   Document 2154-13

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 63

**RACKETEERING ACT # 5(a):  DESCRIPTION**

In Racketeering Act # 5(a), Mr. Yager is alleged to have committed the crime of conspiracy to commit murder in violation of the laws of the State of Illinois.

Specifically, between a date in or about August or September 1994 and on or about on or about November 7, 1994, Mr. Yager is alleged to have conspired with other members of the White Region of the Outlaws Motorcycle Club to murder Michael Coyne.  In furtherance of that conspiracy, one or more of the conspirators is alleged to have placed an explosive device on a vehicle in the possession of and operated by Michael Coyne.

Conspiracy to commit murder is a racketeering act under federal law.

<u>Authority</u>:  None.


Given_____

Refused_____

Modified_____

64

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 64

**RACKETEERING ACT # 5(a):   CONSPIRACY TO COMMIT MURDER
UNDER ILLINOIS LAW - ELEMENTS**

In order to sustain the charge of conspiracy to commit murder, in violation of Illinois law, the government must prove each of the following elements beyond a reasonable doubt:

First, that, between a date in or about August or September 1994 and on or about November 7, 1994, Mr. Yager agreed with another or others to the commission of the offense of the first degree murder of Michael Coyne; and

Second, that Mr. Yager did so with intent that the offense of first degree murder be committed; and

Third, that an act in furtherance of the agreement was performed by any party to the agreement, and specifically, one or more of the coconspirators placed an explosive device on a vehicle owned and operated by Michael Coyne.

Authority:

Illinois Pattern Jury Instructions, § 6.04

Given_____

Refused_____

Modified_____

65

GOVERNMENT'S PROPOSED INSTRUCTION NO. 65

**RACKETEERING ACT # 5(b):  DESCRIPTION**

In Racketeering Act No. 5(b), Mr. Yager is alleged to have committed the crime of attempted first degree murder, as party to a crime, in violation of the laws of the State of Illinois.  Specifically, between a date in or about August or September 1994 and on or about November 7, 1994, Mr. Yager is alleged to have attempted to murder Michael Coyne.

The crime of attempted first degree murder is a racketeering act under federal law.

<u>Authority</u>:  None.

Given_____

Refused_____

Modified_____

66

**RACKETEERING ACT # 5(b):  THE CRIME OF ATTEMPTED
FIRST DEGREE MURDER UNDER ILLINOIS LAW - ELEMENTS**

In order to sustain the charge of attempted murder, in violation of Illinois law, as alleged in Racketeering Act # 5(b), the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that between a date in or about August or September 1994 and on or about November 7, 1994, Mr. Yager, or one for whose conduct he is legally responsible, performed an act which constituted a substantial step toward the killing of Michael Coyne; and

<u>Second</u>, that when Mr. Yager, or one for whose conduct he is legally responsible, did so, Mr. Yager intended that Michael Coyne be killed.

In order for you to find Mr. Yager to be legally responsible for the conduct of another person that constitutes a criminal offense under Illinois law, you must find beyond a reasonable doubt:

<u>First</u>, that,  either before or during the commission of an offense, Mr. Yager knowingly solicited, aided, abetted, agreed to aid, or attempted to aid the other person in the planning or commission of the offense;  and

<u>Second</u>, that Mr. Yager did so with the intent to promote or facilitate the commission of the offense.

Authority:

Illinois Pattern Jury Instructions No. 6.07X ("Issues in Attempt First Degree Murder")

Given_____

Refused_____

Modified_____

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 67

**RACKETEERING ACT # 5(c):  DESCRIPTION**

In Racketeering Act No. 5(c), Mr. Yager is alleged to have committed the crime of arson, as party to a crime, in violation of the laws of the State of Illinois.  Specifically, on or about November 7, 1994, Mr. Yager is alleged to have knowingly caused personal property of Michael Coyne, having a value of $150 or more, to be damaged, by means of an explosive, without consent.

Arson is a racketeering act under federal law.

Authority:  None.

Given_____

Refused_____

Modified_____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 68

## RACKETEERING ACT # 5(c): THE CRIME OF ARSON
## INVOLVING PERSONAL PROPERTY UNDER ILLINOIS LAW - ELEMENTS

In order to sustain the charge of attempted arson, in violation of Illinois law, as alleged in Racketeering Act # 5(c), the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that on or about November 7, 1994, Mr. Yager, or one for whose conduct he is legally responsible, by means of explosive, knowingly damaged the personal property of Michael Coyne; and

<u>Second</u>, that the property had a value of $150 or more; and

<u>Third</u>, that Mr. Yager, or one for whose conduct he is legally responsible, did so without the consent of Michael Coyne.

In order for you to find Mr. Yager to be legally responsible for the conduct of another person that constitutes a criminal offense under Illinois law, you must find beyond a reasonable doubt:

<u>First</u>, that, either before or during the commission of an offense, Mr. Yager knowingly solicited, aided, abetted, agreed to aid, or attempted to aid the other person in the planning or commission of the offense; and

<u>Second</u>, that Mr. Yager did so with the intent to promote or facilitate the commission of the offense.

<u>Authority</u>:

Illinois Pattern Jury Instruction No. 15.02A ("Issues in Arson – Personal Property Having a Value of $150 or More").

Given_____
Refused_____
Modified_____

69

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 69

**RACKETEERING ACT # 6(a):  DESCRIPTION**

In Racketeering Act # 6(a), Mr. Yager is alleged to have committed the crime of conspiracy to commit murder, in violation of the laws of the State of Illinois.

Specifically, between a date in or about August or September 1994 and on or about on or about November 7, 1994, Mr. Yager is alleged to have conspired with other members of the White Region of the Outlaws Motorcycle Club to commit murder.  In furtherance of that conspiracy, one or more of the conspirators is alleged to have placed an explosive device next to the Hells Henchmen clubhouse in Cook County, Illinois.

Conspiracy to commit murder is a racketeering act under federal law.

<u>Authority</u>:  None.


Given_____

Refused_____

Modified_____

70

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 70

**RACKETEERING ACT # 6(a):  CONSPIRACY TO COMMIT MURDER
UNDER ILLINOIS LAW - ELEMENTS**

In order to sustain the charge of conspiracy to commit murder, in violation of
Illinois law, as alleged in Racketeering Act # 6(a), the government must prove each of
the following elements beyond a reasonable doubt:

[Government wants:

First, that, between a date in or about August or September 1994 and on or about
November 7, 1994, Mr. Yager agreed with another or others to the commission of the
offense of the first degree murder; and

Second, that the defendant did so with intent that the offense of first degree
murder be committed; and

Third, that an act in furtherance of the agreement was performed by any party to
the agreement, and specifically, one or more of the coconspirators placed an explosive
device next to the Hells Henchmen Clubhouse in Cook County, Illinois.]

[Defense wants:

First, that, between a date in or about August or September 1994 and on or about
November 7, 1994, Mr. Yager agreed with another to intentionally kill another human
being, or do another great bodily harm, or knew that his acts created a strong
probability of death or great bodily harm to another; and

Second, that an act in furtherance of the agreement was performed by any party
to the agreement, and specifically, one or more of the coconspirators placed an
explosive device next to the Hells Henchmen Clubhouse in Cook County, Illinois.]

Authority:

Illinois Pattern Jury Instructions, § 6.04
Given_____
Refused_____
Modified_____

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 71

**RACKETEERING ACT # 6(a):   DEFINITION OF FIRST DEGREE MURDER
UNDER ILLINOIS LAW**

[Government wants:  A person commits the offense of first degree murder under Illinois law when he kills an individual and if, in performing the acts which cause the death, he intends to kill or do great bodily harm to that individual or he knows that such acts create a strong probability of death or great bodily harm to that individual.]

<u>Authority</u>:

Illinois Pattern Jury Instructions, § 7.01A

Given_____

Refused_____

Modified_____

72

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 72

**RACKETEERING ACT # 6(b):  DESCRIPTION**

In Racketeering Act No. 6(b), Mr. Yager is alleged to have committed the crime of arson, as party to a crime, in violation of the laws of the State of Illinois.  Specifically, on or about November 7, 1994, Mr. Yager is alleged to have committed arson by knowingly causing real property in Cook County, Illinois, to be damaged, by means of an explosive, without consent.

The crime of arson is a racketeering act under federal law.

<u>Authority</u>:  None.

Given_____

Refused_____

Modified_____

73

COURT'S INSTRUCTION NO.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 73

**RACKETEERING ACT # 6(b): THE CRIME OF ARSON
OF REAL PROPERTY UNDER ILLINOIS LAW – DEFINITION**

A person commits the crime of arson under Illinois law when he, by means of fire or explosive, knowingly damages any real property of another without his consent.

Authority:

Illinois Pattern Jury Instructions No. 15.01 ("Definition of Arson")

Given_____

Refused_____

Modified_____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 74

## RACKETEERING ACT # 6(b): THE CRIME OF ARSON
## OF REAL PROPERTY UNDER ILLINOIS LAW – ELEMENTS

In order to sustain the charge of arson of real property, in violation of Illinois law, as alleged in Racketeering Act # 6(b), the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that on or about November 7, 1994, Mr. Yager, or one for whose conduct he is legally responsible, by means of explosive or fire, knowingly damaged the real property of another, namely the Hells Henchmen clubhouse in Chicago, Illinois; and

<u>Second</u>, that Mr. Yager, or one for whose conduct he is legally responsible, did so without the property owner's consent.

In order for you to find Mr. Yager to be legally responsible for the conduct of another person that constitutes a criminal offense under Illinois law, you must find beyond a reasonable doubt:

<u>First</u>, that, either before or during the commission of an offense, Mr. Yager knowingly solicited, aided, abetted, agreed to aid, or attempted to aid the other person in the planning or commission of the offense; and

<u>Second</u>, that Mr. Yager did so with the intent to promote or facilitate the commission of the offense.

Authority:

Illinois Pattern Jury Instructions No. 15.02 ("Issues in Arson – Real Property")

Given_____

Refused_____

Modified_____

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 75

**RACKETEERING ACT # 7(a):  DESCRIPTION**

In Racketeering Act No. 7(a), Mr. Yager is alleged to have committed the crime of conspiracy to commit murder in violation of the law of the State of Indiana.

Specifically, on or about January 28, 1995, Mr. Yager is alleged to have conspired with other members and associates of the White Region of the Outlaws Motorcycle Club to knowingly and intentionally kill Donald Fogg.  In furtherance of that conspiracy, one or more of the conspirators are alleged to have lured Donald Fogg to an isolated location.

Conspiracy to commit murder is a racketeering act under federal law.

<u>Authority</u>:  None.

Given_____

Refused_____

Modified_____

76

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 76

**RACKETEERING ACT # 7(a): ELEMENTS OF
CONSPIRACY TO COMMIT MURDER UNDER INDIANA LAW**

In order to sustain the charge of conspiracy to commit murder in violation of Indiana law, as alleged in Racketeering Act # 7(a), the government must prove each of the following elements beyond a reasonable doubt:

First, that, on or about January 28, 1995, Mr. Yager agreed with another person to commit the crime of murder; and

Second, that Mr. Yager reached this agreement with the intent that the crime be committed; and

Third, that Mr. Yager or the other person with whom he reached the agreement performed an overt act in furtherance of the agreement by luring Donald Fogg to an isolated location.

Authority:

Indiana Pattern Jury Instruction Nos. 2.07 ("Conspiracy") and 2.10 ("Murder").

Given_____

Refused_____

Modified_____

77

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 77

**RACKETEERING ACT # 7(a):   DEFINITION OF MURDER
UNDER INDIANA LAW**

Under Indiana law, the crime of murder is the knowing or intentional killing of another human being.

<u>Authority</u>:

Indiana Pattern Jury Instruction No. 2.10 ("Murder") (modified).

Given_____

Refused_____

Modified_____

78

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 78

**RACKETEERING ACT # 7(b):  DESCRIPTION**

In Racketeering Act No. 7(b), Mr. Yager is alleged to have committed the crime of murder in violation of the law of the State of Indiana.

Specifically, on or about January 28, 1995, Mr. Yager is alleged to have knowingly and intentionally caused Donald Fogg to be killed.

Murder is a racketeering act under federal law.

<u>Authority</u>:  None.

Given_____

Refused_____

Modified_____

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 79

**RACKETEERING ACT # 7(b):  ELEMENTS OF
MURDER UNDER INDIANA LAW**

In order to sustain the charge of murder in violation of Indiana law, as alleged in Racketeering Act # 7(b), the government must prove each of the following elements beyond a reasonable doubt:

First, that on or about January 28, 1995, Mr. Yager, or one for whose conduct he is legally responsible, killed Donald Fogg; and

Second, that when Mr. Yager, or one for whose conduct he is legally responsible, did so, Mr. Yager intended that Donald Fogg be killed.

In order for you to find Mr. Yager to be legally responsible for the conduct of another person that constitutes a criminal offense under Indiana law, you must find beyond a reasonable doubt that Mr. Yager either knowingly or intentionally aided the person in committing the offense, or knowingly or intentionally caused or induced the person to commit the offense.

Authority:

Indiana Pattern Jury Instruction Nos. 2.10 ("Murder") and 2.11 ("Aiding, Inducing, or Causing an Offense).

Given_____

Refused_____

Modified_____

80

GOVERNMENT'S PROPOSED INSTRUCTION NO. 80

**RACKETEERING ACT # 8(a):  DESCRIPTION**

In Racketeering Act # 8(a), Mr. Yager is alleged to have committed the crime of conspiracy to commit murder, in violation of the laws of the State of Illinois.

Specifically, between a date in or about January 1995 and on or about March 6, 1995, Mr. Yager is alleged to have conspired with other members of the White Region of the Outlaws Motorcycle Club to murder members of a rival biker gang.  In furtherance of that conspiracy, one or more of the conspirators is alleged to have conducted surveillance on the activities of Jack Castle in preparation to murder him.

Conspiracy to commit murder is a racketeering act under federal law.

Authority:  None.

Given_____

Refused_____

Modified_____

81

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 81

**RACKETEERING ACT # 8(a):   CONSPIRACY TO COMMIT MURDER
UNDER ILLINOIS LAW - ELEMENTS**

In order to sustain the charge of conspiracy to commit murder, in violation of
Illinois law, as alleged in Racketeering Act # 8(a), the government must prove each of
the following elements beyond a reasonable doubt:

[Government wants:

<u>First</u>, that, between a date in or about January 1995 and on or about March 6,
1995, Mr. Yager agreed with another or others to the commission of the offense of the
first degree murder; and

<u>Second</u>, that Mr. Yager did so with intent that the offense of first degree murder
be committed; and

<u>Third</u>, that an act in furtherance of the agreement was performed by any party to
the agreement, and specifically, one or more of the coconspirators conducted
surveillance on the activities of Jack Castle in preparation to murder him.]

[Defendant wants:

<u>First</u>, that, between a date in or about January 1995 and on or about March 6,
1995, Mr. Yager agreed with another to intentionally kill another human being, or do
another great bodily harm, or knew that his acts created a strong probability of death or
great bodily harm to another; and

<u>Second</u>, that an act in furtherance of the agreement was performed by any party
to the agreement, and specifically, one or more of the conspirators conducted
surveillance on the activities of Jack Castle in preparation to murder him.]

Authority:
Illinois Pattern Jury Instructions, § 6.04
Given_____
Refused_____
Modified_____

82

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 82

**RACKETEERING ACT # 8(b): DESCRIPTION**

In Racketeering Act # 8(b), Mr. Yager is alleged to have committed the crime of murder, as party to a crime, in violation of the laws of the State of Illinois.

Specifically, on or about March 3, 1995, he is alleged to have knowingly and intentionally caused Jack Castle to be killed, without lawful justification.

Murder is a racketeering act under federal law.

<u>Authority</u>: None.

Given_____

Refused_____

Modified_____

83

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 83

**RACKETEERING ACT # 8(b):   FIRST DEGREE MURDER
UNDER ILLINOIS LAW - DEFINITION**

Under Illinois law, a person commits the offense of first degree murder when he kills an individual if, in performing the acts which cause the death, he intends to kill or do great bodily harm to that individual, or he knows that such acts will cause death to that individual, or he knows that such acts create a strong probability of death or great bodily harm to that individual.

<u>Authority</u>:

Illinois Pattern Jury Instructions No. 7.01A ("Definition of First Degree Murder") (second paragraph).


Given_____

Refused_____

Modified_____

84

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 84

**RACKETEERING ACT # 8(b):  FIRST DEGREE MURDER
UNDER ILLINOIS LAW - ELEMENTS**

In order to sustain the charge of murder, in violation of Illinois law, as alleged in Racketeering Act # 8(b), the government must prove each of the following elements beyond a reasonable doubt:

First, that Mr. Yager, or one for whose conduct he is legally responsible, performed the acts which caused the death of Jack Castle; and

Second, that when Mr. Yager, or one for whose conduct he is legally responsible, performed those acts, Mr. Yager intended that Jack Castle be killed or suffer great bodily harm, or knew that those acts would cause death or great bodily harm to Jack Castle, or knew that those acts created a strong probability of death or great bodily harm to Jack Castle.

In order for you to find Mr. Yager to be legally responsible for the conduct of another person that constitutes a criminal offense under Illinois law, you must find beyond a reasonable doubt:

First, that,  either before or during the commission of an offense, Mr. Yager knowingly solicited, aided, abetted, agreed to aid, or attempted to aid the other person in the planning or commission of the offense;  and

Second, that Mr. Yager did so with the intent to promote or facilitate the commission of the offense.

Authority:

Illinois Pattern Jury Instructions No. 7.02 ("Issues in Murder") (modified).

Given_____

Refused_____

Modified_____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 85

**18 U.S.C. § 1962(d)   RACKETEERING CONSPIRACY – ELEMENTS**

Count Two of the indictment charges Mr. Yager with conspiracy to commit racketeering. In order for you to find him guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

<u>First</u>, that Mr. Yager knowingly conspired to conduct or participate in the conduct of the affairs of the White Region of the Outlaws Motorcycle Club, an enterprise, through a pattern of racketeering activity as described in Count One of the indictment; and

<u>Second</u>, that the White Region of the Outlaws Motorcycle Club was an enterprise; and

<u>Third</u>, that the activities of the White Region of the Outlaws Motorcycle Club affected interstate commerce.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to Count Two, then you [defendant wants:  may] [government wants: should] find Mr. Yager guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to Count Two, then you should find Mr. Yager not guilty of that charge.

<u>Authority</u>:

Pattern Criminal Jury Instructions of the Seventh Circuit, 18 U.S.C. § 1962(d) Racketeering Conspiracy – Elements

Given_____

Refused_____

Modified_____

86

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 86

**18 U.S.C. § 1962(d)  CONDUCT – DEFINITION**

A person conspires to conduct or participate in the conduct of the affairs of an enterprise if that person agrees to knowingly facilitate the activities of the operators or managers who conduct or participate in the conduct of its affairs.

<u>Authority</u>:

Pattern Criminal Jury Instructions of the Seventh Circuit, 18 U.S.C. § 1962(d) Conduct - Definition

Given_____

Refused_____

Modified_____

87

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 87

**5.09     CONSPIRACY – DEFINITION OF CONSPIRACY**

A conspiracy is an express or implied agreement between two or more persons to commit a crime. A conspiracy may be proven even if its goals were not accomplished.

In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

Authority:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 5.09 ("Conspiracy – Definition of Conspiracy").

Given_____

Refused_____

Modified_____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 88

**5.10      CONSPIRACY – MEMBERSHIP IN CONSPIRACY**

To be a member of a conspiracy, the [government wants:  defendant] [defendant wants:  accused] does not need to join it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goals of the conspiracy were to be accomplished.  The government must prove beyond a reasonable doubt that [government wants:  the defendant] [defendant wants:  he] was aware of the illegal goals of the conspiracy and knowingly joined the conspiracy.

[Government wants:  A defendant] [defendant wants:  An accused] is not a member of a conspiracy just because he knew and/or associated with people who were involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions.

In deciding whether Mr. Yager joined the charged conspiracy, you must base your decision only on what he did or said.  To determine what Mr. Yager did or said, you may consider his own words or acts. [Defendant wans:  , or what others have said were his words or acts or what others did that demonstrate Mr. Yager's words or acts.] [Government wants:  You may also use the words or acts of other persons to help you decide what the defendant did or said.]

Authority:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 5.10 ("Conspiracy – Membership in Conspiracy").

Given_____

Refused_____

Modified_____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 89

**18 U.S.C. § 1962(d)   PATTERN REQUIREMENT –
RACKETEERING CONSPIRACY**

In order to find a "pattern of racketeering activity" for purposes of Count Two, you must find beyond a reasonable doubt that Mr. Yager agreed that some members of the conspiracy would commit at least two acts of racketeering as described in Count One, [and that they were separate acts]. You must also find that those acts were in some way related to each other and that there was continuity between them.

Acts are related to each other if they are not isolated events, that is, if they have similar purposes, or results, or participants, or victims, or are committed a similar way, or have other similar distinguishing characteristics or are part of the affairs of the same enterprise.

There is continuity between acts if, for example, they are ongoing over a substantial period of time, or had the potential to continue over a substantial period, or if they are part of the regular way some entity does business or conducts its affairs.

For purposes of Count Two, the government does not have to prove that any racketeering acts were actually committed at all, or that Mr. Yager agreed to personally commit any such acts, or that he agreed that two or more specific acts would be committed.

 Authority:

Pattern Criminal Jury Instructions of the Seventh Circuit, 18 U.S.C. § 1962(d)  Pattern Requirement – Racketeering Conspiracy

Given_____

Refused_____

Modified_____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 90

**7.01      JURY DELIBERATIONS**

Once you are all in the jury room, the first thing you should do is choose a [foreperson; presiding juror]. The [foreperson; presiding juror] should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as [list current technology or services likely to be used, *e.g.*, telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, MySpace, LinkedIn, YouTube, Twitter], or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the [Marshal; court security officer]. The note should be signed by the [foreperson; presiding juror], or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

Authority:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 7.01 ("Jury Deliberations").

Given_____

Refused_____

Modified_____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 91

### 7.02        VERDICT FORM

[A verdict form has been; Verdict forms have been] prepared for you. You will take [this form; these forms] with you to the jury room.

[Read the verdict form[s].]

When you have reached unanimous agreement, your [foreperson; presiding juror] will fill in, date, and sign the [appropriate] verdict form[s]. [The foreperson; The presiding juror; Each of you] will sign it.

Advise the [Marshal; court security officer] once you have reached a verdict. When you come back to the courtroom, [I; the clerk] will read the verdict[s] aloud.

<u>Authority</u>:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 7.02 ("Verdict Form").

Given_____

Refused_____

Modified_____

COURT'S INSTRUCTION NO. ____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 92

## 7.03     UNANIMITY/DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt [and whether Mr. Yager has proved [insert defense] [by a preponderance of the evidence; by clear and convincing evidence]].

Authority:

Pattern Criminal Jury Instructions of the Seventh Circuit, § 7.03 ("Unanimity/Disagreement Among Jurors").

Given_____

Refused_____

Modified_____

93

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                              Case No. 97-CR-98

RANDY YAGER,

        Defendant.

---

**[GOVERNMENT'S PROPOSED] SPECIAL VERDICT**

---

## Count One

We, the jury, duly impaneled and sworn, for our verdict in the above-entitled action make the following findings as to the defendant Randy M. Yager with respect to each of the numbered racketeering acts charged against Mr. Yager as set forth in Count One of the indictment:

**Racketeering Act 1**           **Racketeering Act 2**

(Proven or Not Proven)       (Proven or Not Proven)

**Racketeering Act 3**           **Racketeering Act 4**

(Proven or Not Proven)       (Proven or Not Proven)

**Racketeering Act 5**           **Racketeering Act 6**

(Proven or Not Proven)       (Proven or Not Proven)

**Racketeering Act 7**           **Racketeering Act 8**

(Proven or Not Proven)       (Proven or Not Proven)

94

We, the jury, further find the defendant Randy M. Yager:

_____ of the offense charged in **Count One** of the indictment,
(guilty or not guilty)

_____of the offense charged in **Count Two** of the indictment,
(guilty or not guilty)


      Dated at Milwaukee, Wisconsin, this _____ day of April, 2016.


_____
Foreperson

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

   Plaintiff,

 v.           Case No. 97-CR-98

RANDY YAGER,

   Defendant.

---

## [DEFENDANT'S PROPOSED] SPECIAL VERDICT

---

### Count One

 We, the jury, duly impaneled and sworn, for our verdict in the above-entitled action make

the following findings as to the defendant Randy M. Yager with respect to each of the numbered

racketeering acts charged against Mr. Yager as set forth in Count One of the indictment:

| **Racketeering Act 1** | **Racketeering Act 2** |
|---|---|

 (Proven beyond a reasonable doubt or Not Proven)     (Proven
beyond a reasonable doubt or Not Proven)

| **Racketeering Act 3** | **Racketeering Act 4** |
|---|---|

 (Proven beyond a reasonable doubt or Not Proven)     (Proven
beyond a reasonable doubt or Not Proven)

| **Racketeering Act 5** | **Racketeering Act 6** |
|---|---|

 (Proven beyond a reasonable doubt or Not Proven)     (Proven
beyond a reasonable doubt or Not Proven)

| **Racketeering Act 7** | **Racketeering Act 8** |
|---|---|

 (Proven beyond a reasonable doubt or Not Proven)     (Proven
beyond a reasonable doubt or Not Proven)

96

We, the jury, further find the defendant Randy M. Yager:

_____ of the offense charged in **Count One** of the indictment,

(guilty or not guilty)


_____of the offense charged in **Count Two** of the indictment,

(guilty or not guilty)


Dated at Milwaukee, Wisconsin, this _____ day of April, 2016.


_____
Foreperson

Case 2:97-cr-00098-JPS   Filed 03/16/16   Page 97 of 97   Document 2154-13