UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U<span>NITED</span> S<span>TATES OF</span> A<span>MERICA</span>,

      *Plaintiff*,

    *v.*          Case No. 97 CR 98

R<span>ANDY</span> Y<span>AGER</span>,

      *Defendant.*

### MR. YAGER'S SURREPLY RE: HIS MOTIONS TO COMPEL AND MOTIONS *IN LIMINE*

Mr. Yager, through his undersigned counsel, makes this surreply to the government's brief. It addresses some of the arguments made by the government. With respect to those of the government's argument that are not addressed, Mr. Yager believes his original motions and supporting authorities to be adequate.

**Motion and Amended Motion to Compel Production of Witnesses, Discovery Material, and Presentence Investigation Reports**

**Witnesses to Whom the Government has Given New Identities**:

The prosecution attempts to distinguish the cases cited by the defense by observing that they concern witnesses who were advised not to speak with defense counsel, which is not the case here. The argument misses the gravamen

of the decisions.

The underlying premise for the decisions is that the prosecution may not interfere with the accused's access to evidence. Advising witnesses not to speak with the defense is one way of interfering. Giving witnesses new identities, secreting them in other venues, refusing to reveal their contact information and acting as a self-appointed intermediary between a witness and the defense is interfering – and far more effectively than telling a witness not to speak to the defense. That is why, in *U.S. v Agostino*, the 7th Circuit said that interference can occur when the government artificially restricts access to defense counsel. *164 F.3d 1285,1292 (7th Cir. 1999).* Access to witnesses includes the right to try to persuade a witness to speak with defense counsel.

The government, excuses itself with the notion that these "are not defense witnesses," and therein reveals its proprietary approach. Thus the government is quite comfortable in asserting that the defense ought be satisfied that it asked these witnesses whether they wish to speak to the defense and the witnesses said no. Were a defendant required to accept the government's representations without challenge, there would be no need for trials. Witnesses belong to no one.

Since having filed the motion and amended motion, the defense has been given new discovery materials by the government. See, Dkt. 2153. The defense

now extends its request to Mess'rs Casey and Pellegrini as well.

If the government is unwilling to provide the defense with the current contact information for the witnesses it's secreted, then it must produce them for interview by the defense. If it won't do that, it ought be prohibited from calling those witnesses.

## Disclosure of Pre-Sentence Reports

The government claims that Mr. Yager "somehow obtained [the "Prosecution Version of the Offense" document" in violation of the confidentiality provisions attendant to PSRs prepared in the district... ." Dkt 2150 at p.10. The ambiguity of this sentence suggests that Mr. Yager, or his counsel, did something to violate the courts rules. Mr. Yager's counsel received this in the mail, unsolicited.

The document addresses some of the predicate acts with which Mr. Yager is charged and many of the "other acts "which the government has requested the court permit it to prove in Mr. Yager's trial. It states the government's positions on what occurred and who was responsible for those occurrences. It is anticipated that the government will express inconsistent positions in the upcoming trial. Thus, the statements within the document will reveal to the trier of fact the prior inconsistent statements of a party opponent. The government

seems to suggest, though it does not say it, that the document it created is not the statement of the party opponent. The government says the cases cited by Mr. Yager are "inapposite," but does not explain how. The government is Mr. Yager's opponent, and the statements are the statement of the government's representatives in the very same case.

The government does not deny that this document resides within the very same presentence report files that it has claimed, and continues to claim, contain no exculpatory evidence; and fault the defense for saying that those files "may" contain other exculpatory evidence. Because the defense has never seen the files, it can't possibly say anything other than "may." And if the use of that word is dispositive of the request, such a request can never succeed, because counsel could never say anything else. As of today, defense counsel is the only lawyer in the courtroom who hasn't seen the file. Neither the prosecution nor the court, to date, were able to see the possible relevance of the government's position statement to the trial in this matter. The defense doesn't fault them for that. The prosecutor, the defense lawyer and the judge have different jobs and one should not expect any one of them to be able to channel the thoughts of another.

What the defense does know without having seen the reports is that they will set forth some, if not all, of the consideration that was paid to the

informant/witnesses by the government. And that is both relevant and of great import in a case where the primary, if not the only, evidence against Mr. Yager will be those informant/witnesses.

## Motions *in Limine*

Motion *in Limine* Number 3:

The government asserts this motion should be denied claiming that the witness' statement is admissible *if* "it is based on first-hand knowledge, and to the extent a witness received this information… from another co-conspirator and that information was in furtherance of the conspiracy… ."

The government, however, does not say that that is in fact the case. Resultantly, until the government shows otherwise, the motion in limine ought be granted.

Motion *in Limine* Number 4:

The government misses the point. The defense does not complain of evidence of lightning bolt tattoos, so long as it is relevant. What the defense complains about is that same evidence in conjunction with testimony that those tattoos signify violent or homicidal conduct. Together, they are evidence of "other acts" that have no relevant purpose other than to suggest the accused's bad character and propensity for violence or homicidal conduct. That is what

FRE 404 prohibits. That the government has not addressed this argument is telling.

Motion *in Limine* Number 5:

The government responded that it is not bound by a defense offer to stipulate. That's correct. The defense did not offer to stipulate. A stipulation is an agreement of two parties.

The defense amended its plea to "no contest" with respect to certain of the allegations of the Indictment. That it can do unilaterally. Those facts are no longer in issue. Because they are not, the question before the court is whether unnecessary cumulative evidence ought be received when it brings the risk of appealing to emotion and when it will waste a lot of time in an already over-extended trial.

The government offers no explanation of why these physical items of evidence, videotapes and photographs are necessary in addition to the testimony it will adduce from witnesses. It offers only that it wishes to do it that way.

*Old Chief v. U.S. 519 U.S. 172 (1997)* ruled against the government's position premised merely on an offer to stipulate. Where, as here, the defendant has amended his plea to not contest the alleged facts that the demonstrative evidence is offered to prove, that evidence ought be barred where it is

cumulative, risks appealing to emotion and will waste time.

Dated this 16th day of March, 2016.

Respectfully submitted,

RANDY YAGER, *Defendant*.

　/s/ *Stephen P. Hurley*　
Stephen P. Hurley
*Wisconsin Bar No.* 1015654

HURLEY, BURISH & STANTON, S.C.
P.O. Box 1528
Madison Wisconsin 53701-1528
(608) 257-0945

-7-

Case 2:97-cr-00098-JPS   Filed 03/16/16   Page 7 of 7   Document 2155