UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                 Case No. 97-CR-98

RANDY YAGER,

      Defendant.

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO BAR TESTIMONY OR, ALTERNATIVELY, TO ADJOURN TRIAL

The United States of America, by and through its attorneys, Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin, and Carol L. Kraft, Scott J. Campbell, and Laura S. Kwaterski, Assistant United States Attorneys, hereby respectfully submit this response to the defendant's Motion to Bar Testimony or, Alternatively, to Adjourn the Trial.

Defendant Randy Yager has moved this Court to bar the government from presenting any testimony and evidence regarding Predicate Acts #3 and #7, to bar the government from presenting any testimony of David Wolf, or, in the alternative, to adjourn the trial date, currently set for April 5, 2016. The motion to bar presentation of evidence and testimony or adjourn the trial date should be denied in its entirety. In essence, the defendant argues that, it was only when he reviewed the government's

production of certain additional discovery materials on February 19, 2016, that he was first put on notice of certain statements of Mr. Wolf regarding the events that occurred at Lancaster Speedway on September 25, 1994. He further argues that because the government then disclosed reports of interviews of two additional witnesses, Source 1 and Source 2, regarding the events that occurred at Lancaster Speedway on September 25, 1994, he now needs additional time to prepare for trial.

This Court should deny Yager's motion for three basic reasons. First, the discovery materials at the heart of this motion disclosed nothing novel. Second, the government has acted in good faith and timely produced discovery. It timely determined the identity of Source 1 and Source 2, referenced in an exchange of emails between Detective Lee Robak of the Lancaster Police Department and a Detroit based ATF Agent, included in the materials that the defendant first viewed on February 19, 2016. The government then obtained and disclosed reports of interview which summarized these witnesses' knowledge of the Lancaster events, although Yager had not asked the government to do so. Third, the timing of the disclosure has not unfairly prejudiced Defendant Yager's efforts to prepare for trial. These disclosures occurred a full six weeks before trial, leaving him with ample time to further investigate the information provided by these two sources, should he choose to do so. The government will address each of these points in turn.

First, the discovery materials at issue, as they relate to statements by David Wolf, disclose nothing new. That is because Mr. Yager has long known the substance of David Wolf's anticipated testimony. Indeed, the government produced Mr. Wolf's

2

report of interview, dated June 21, 1995, regarding the events that occurred at Lancaster Speedway on September 25, 1994, in the first production of discovery, which counsel received in December 2014 and January 2015. In that report of interview, Mr. Wolf states that "he saw Don Fogg, R.V. Powers and Mad Yaeager [sic] beating on an Angel (presumably Quale) . . . Wolf saw them pull his shirt over his head with his arms extended and there was blood on the shirt [and that][h]e did not specifically see any of them stabbing this person." Discovery Materials at Bates 004853. In addition, Mr. Wolf has twice testified about this same event, consistently, and the government also produced his prior trial testimony to Defendant Yager in the first production of discovery in December 2014 and January 2015. Defendant Yager therefore cannot contend that his review of additional discovery materials on February 19, 2016 was the "first time" he learned of Mr. Wolf's observations of Mr. Yager's involvement in a beating of a Hell's Angel at the Lancaster Speedway on September 25, 1994.

Although the report of interview of David Wolf that the government produced for the first time on February 19, 2016, does include what appear to be handwritten marginal notes made by Detective Robak, Yager has not indicated the particular significance of those notes. Moreover, the government does intend to call Det. Roback as a witness at trial so Yager will have the chance to fully cross-examine Detective Roback about those notes. Yager has therefore failed to demonstrate how the government's production of this report of interview, with Detective Roback's notes, on February 19, merits barring testimony from Mr. Wolf or adjourning the trial.

3

Second, the government timely disclosed the identities as well as the reports of interviews of the two additional witnesses at issue in this motion. As noted above, those witnesses were identified as Source 1 and Source 2 in an exchange of emails between Detective Lee Robak of the Lancaster Police Department and a Detroit based ATF Agent. Those emails were included in the materials that the government produced to Yager on February 19, 2016, more than six weeks before trial. In addition, although Defendant Yager did not ask the government for the identities of Source 1 and Source 2, the government promptly identified the witnesses and produced the two reports of interview of those two witnesses on or about March 3, 2016.

Finally, although Source 1 and Source 2 name Outlaw members, not previously identified, as having participated in the attack on the victim Michael Quale at the Lancaster Speedway, this evidence is not, in itself, exculpatory. Indeed, the evidence in this case has never suggested that a single individual acted alone to cause Quale's death. Rather, the evidence has consistently demonstrated that this attack was a premeditated, planned, and frenzied attack that many members of the Outlaws Motorcycle Club inflicted on Hell's Angels at the Lancaster Speedway. Victim and Hells Angel Michael Quale was stabbed seven times with at least two different knives – facts amply disclosed in prior trial testimony from the O'Neill and Powers trials that has long been in Defendant Yager's possession. The fact that more people are now specifically identified as having also participated in the attack does not exculpate Defendant Yager for his role in this crime.

Indeed, it should come as no surprise that other Outlaw members are now identified as having a role in this assault, as many Outlaws members from multiple chapters traveled to New York State to take part in the melee that resulted in the homicide of Michael Quale. Evidence adduced at the previous trials clearly established that there were multiple individuals who grabbed, beat and stabbed Quale.

In the final analysis, Yager does not show that any of the information referenced in his motion – which he claims to have first learned about on February 19, 2016 -- is in fact novel or exculpatory. Nor does he indicate how his efforts to prepare for trial have been hampered, particularly given that the government has, without solicitation, disclosed the names of Source 1 and Source 2 and produced their reports of interview. Moreover, the government has agreed to subpoena one of the two witnesses and to help Yager serve a trial subpoena on the other witness.

Because the evidence at issue is not particularly novel or exculpatory, has been produced in a timely manner, and the government has acted in good faith in helping the defendant subpoena the witnesses at issue, Yager has offered no good reason why this Court should impose the extreme remedies he seeks: barring the government from presenting evidence or testimony regarding predicate acts #3 and #7 and from calling David Wolf at trial.

For these reasons, the government respectfully requests that this Court deny the defendant's Motion to Bar Testimony and Evidence or Alternatively, to Adjourn the Trial Date.

Respectfully submitted this 16th day of March, 2016.

>GREGORY J. HAANSTAD
>Acting United States Attorney
>
>By: *s/ Carol L. Kraft*
>Carol L. Kraft WBN 1000117
>Scott J. Campbell WBN 1017721
>Laura S. Kwaterski WBN 1055485
>Assistant United States Attorneys
>Office of the United States Attorney
>Eastern District of Wisconsin
>517 East Wisconsin Avenue, Room 530
>Milwaukee, Wisconsin 53202
>Telephone: (414) 297-1700