# HURLEY, BURISH & STANTON, S.C.
ATTORNEYS AT LAW

33 EAST MAIN STREET, SUITE 400

Mailing Address:
POST OFFICE BOX 1528
MADISON, WI 53701-1528

Marcus J. Berghahn
Mark D. Burish
Ralph Cagle
Peyton B. Engel
Andrew Erlandson
Patrick J. Fiedler
\* Also Licensed In Illinois
\*\*Also Licensed In Colorado

Stephen P. Hurley*
John D. Hyland
John C. Mitby**
Daniel J. Schlichting
Marie A. Stanton
Thomas S. Vercauteren

Tel. (608) 257-0945
Fax. (608) 257-5764
www.hbslawfirm.com
Author's e-mail:
shurley@hbslawfirm.com

April 22, 2016

The Honorable Joseph P. Stadtmueller
United States District Court
Eastern District of Wisconsin
517 E. Wisconsin Ave.
Milwaukee, WI 53202

Re:   *United States of America v. Randy M. Yager*
      Case No. 1997 CR 98 JPS

Dear Judge Stadtmueller:

At the time of Mr. Yager's entry of plea, you asked that the probation office and I report to you by May 15 about arrangements for a physical examination for Mr. Yager and the status of the presentence investigation. As I will be teaching in China on that date, I thought it best to report now.

Mr. Daniel Dragolovich has undertaken the presentence investigation of Mr. Yager.

While at the Dodge County Jail, Mr. Yager was given a physical examination, albeit a cursory one. I have, simultaneously with the filing of this letter, requested permission to file a copy of that examination under seal. A physician visited Mr. Yager in the facility and spoke with him about his history. Mr. Yager reports that the examination consisted of an interview and the physician's use of a stethoscope. It had been my impression that the court had wished an independent physical examination that did not depend on solely on Mr. Yager's oral history. If my impression was incorrect, then this report may suffice for the court's purposes. If not, more will be needed.

18 USC § 3552(b) provides a mechanism for effecting a physical examination. While the statute is usually employed to effect a competency examination, it permits a presentence

"study" by the Bureau of Prisons. I have only done a cursory check of cases but see that it has been employed by other courts to effect a physical examination.

The statute states, in part: "the study shall be conducted in the local community by qualified consultants unless the sentencing judge finds that there is a compelling reason for the study to be done by the Bureau of Prisons or there are no adequate professional resources available in the local community to perform the study."

At least one case has found that a court's apprehension about the defendant's potential to flee the jurisdiction was a "compelling circumstance" justifying having the study performed by the Bureau of Prisons rather than within the community. *United States v. Donaghe* 924 Fed. 2d 940 (9th Cir. 1990).

I have conferred with Douglas Bachert of the United States Marshall's Service about this matter. He advises if the court orders the physical exam to be performed within the community, the Marshalls Service will arrange for that examination. However, the cost of the examination as well as the cost of transportation by the Dodge County Sheriff's Department would be borne by the Administrative Office of the United States Courts.

In short, the court must make a determination about whether there is sufficient reason to overcome the statute's preference for the "study" to occur within the community, in which case the examination would be performed at a Bureau of Prisons facility at the Bureau of Prison's expense. Whatever the decision, your Honor must issue an order to effect it.

Mr. Dragolovich has interviewed Mr. Yager and is awaiting further material to be submitted by the U.S. Attorney's Office and by me. He estimates that the presentence investigation report can be completed by July 17, 2016, or 60 days after the completion of a physical exam if one is ordered, whichever is later.

Cordially,

HURLEY, BURISH & STANTON, S.C.

Stephen P. Hurley

SPH:jdp
F:/-client/Yager Randy/Correspondence/Judge Stadtmueller160421.doc

CC: Daniel Dragolovich