# EXHIBIT E

HURLEY, BURISH & STANTON, S.C.
ATTORNEYS AT LAW

33 EAST MAIN STREET, SUITE 400
Mailing Address:
POST OFFICE BOX 1528
MADISON, WI 53701-1528

Marcus J. Berghahn
Mark D. Burish
Ralph Cagle
Peyton B. Engel
Andrew Erlandson
Patrick J. Fiedler
* Also Licensed In Illinois
** Also Licensed In Colorado

Stephen P. Hurley*
John D. Hyland
John C. Mitby**
Daniel J. Schlichting
Marie A. Stanton
Thomas S. Vercauteren

Tel. (608) 257-0945
Fax. (608) 257-5764
www.hbslawfirm.com
Author's e-mail:
shurley@hbslawfirm.com

July 25, 2016

The Honorable Joseph P. Stadtmueller
United States District Court
Eastern District of Wisconsin
517 E. Wisconsin Ave.
Milwaukee, WI 53202

    Re:   *United States of America v. Randy M. Yager*
          Case No. 1997 CR 98 JPS

Dear Judge Stadtmueller:

    Mr. Yager's sentencing is outside the norm for the Court and the parties. The court must either accept the parties' recommendation of a 15 year sentence or let the matter proceed to trial. Nevertheless, the computation of the Sentencing Guidelines serves a function as a benchmark against which to measure the reasonableness of the parties' recommendation.

    Regardless of whether one agrees with Mr. Yager's proffered clarifications to the calculation, the sum remains the same: a life sentence. That, too, is the probable outcome of the parties' recommendation.

    Mr. Yager was arrested on October 16, 2014. If the court accepts the plea and sentencing recommendation, with credit for time served and the application of "good time," Mr. Yager will be further imprisoned for more than 11 years and, if he lives that long, will be 71 years old when released. "If he lives that long" is the operative thought. Neither of his parents lived that long, nor has any male in his family that he can recall. His health, as outlined in the presentence investigation report, has not been good and a more thorough physical examination once he is remitted to the Bureau of Prisons ought confirm that.

What the sentence recommendation of the parties accomplishes that strict adherence to the guidelines would not, is to give Mr. Yager a chance to be released. If he pays attention to his health and takes care of himself, and if he serves his time well, the recommended sentence may be just short of one for life.

So, one asks, why ought he be given this chance?

While having fled prosecution is not a favored act, in the almost 20 years of his absence he lived a law-abiding life. The Randy Yager who you will sentence is not the same Randy Yager who fled. The many letters of those who have known and lived in the same community with him over the last 20 years attest to a well-regarded member of a close-knit expatriate community.[1] The letters depict a caring man who was quick to help others and who, with his wife, lived a very modest life. They show, too, that he earned the trust of those among whom he lived and worked. Incapacitation to prevent future crime is not, today, the same concern it would have been 20 years ago. It will be even less 11 years hence. He has demonstrated that he can live productively, peacefully and within the law.

I request that you accept the recommendation of the parties and sentence Mr. Yager to a term of imprisonment of 15 years, with credit for time served from October 16, 2014.

Cordially,

HURLEY, BURISH & STANTON, S.C.

Stephen P. Hurley

SPH:mns
(/-clients/yager randy/sentencing/sentencing ltr to Judge 160725.wpd)

---

[1] Copies of those letters have been delivered to and filed by Mr. Dragolovich.